

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GUADALUPE VALDEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-119 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DISMISS
### PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner GUADALUPE VALDEZ, a state prisoner currently confined in the Clements Unit in Potter County, Texas, has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is confined pursuant to a February 14, 2006 conviction out of Potter County, Texas for the offense of aggravated sexual assault of a child and the resultant life sentence.

Petitioner alleges this conviction is unlawful because:

1. Petitioner was denied effective assistance of trial counsel because petitioner was forced to proceed pro se at trial.

2. Petitioner's confession was coerced because the interviewing officers told petitioner they would charge petitioner's brother with sexual assault if petitioner did not confess.

3. The conviction was obtained in violation of his right against self-incrimination because petitioner was forced to answer questions at the trial without the assistance of counsel.

4. The conviction was obtained in violation of the Double Jeopardy Clause.

# I.
# STATE COURT PROCEEDINGS

Petitioner was indicted on two counts of aggravated sexual assault, presented in two separate cause numbers: W-50**139**-01-C and W-50**140**-01-C (hereinafter referred to as cause numbers 139 and 140). The sexual assaults were separate incidents but were performed on the same child and on the same date. Thus, petitioner was set to be tried on both cause numbers at the same time. The trial was originally set for October 3, 2005. The docket sheet indicates, however, than on that date petitioner waived his right to counsel and his court-appointed attorney filed a motion to withdraw, which was granted. On that day, the trial court told petitioner that he could either continue with his appointed counsel or proceed pro se to trial. Petitioner indicated that he would rather plead guilty. Although petitioner signed plea documents, he recanted his plea during the trial court's admonishments and asserted that he was mentally incompetent. The trial court then (on October 3, 2005) ordered a psychiatric examination of the petitioner to determine whether he was competent to stand trial, vacated the jury trial, and appointed another attorney to represent petitioner. On November 14, 2005, a psychiatrist certified petitioner competent to stand trial.

On February 13, 2006, petitioner's trial on both cause numbers 139 and 140 began. At the beginning of the trial, the following took place between the trial court and petitioner:

> THE COURT: Mr. Valdez, you've heard a reading of the indictment in Cause 50,139-C. To that charge, how do you plead?
>
> THE DEFENDANT: I plead not guilty, sir.
> . . .
>
> THE COURT: And Mr. Valdez, to the indictment in Cause No. 40,140-C [sic], how do you plead?
>
> THE DEFENDANT: I plead not guilty, Your Honor.

The trial then commenced, and the trial court entered judgment on both cause numbers on

February 14, 2006. On February 27, 2006, petitioner filed a notice of appeal as to cause numbers 139 and 196 (a related charge that was dropped prior to trial). Petitioner failed, however, to timely file a notice of appeal as to cause number 140. On August 16, 2006, petitioner filed an appeal as to cause numbers 139 and 196 with the Court of Appeals for the Seventh District. That court issued an opinion affirming the judgment as to cause number 139 on June 12, 2007. It issued an opinion dismissing petitioner's appeal as to cause number 196 for want of jurisdiction (because the charge had been dropped). The Court of Criminal Appeals refused his petition for discretion review of the appellate opinion concerning cause number 139 on October 29, 2007. Petitioner then filed a writ of habeas corpus as to cause number 139 on February 25, 2008. The Court of Criminal Appeals denied his petition on March 25, 2008. The state court records submitted to this Court, as well as the Court of Criminal Appeal's website, indicate petitioner only filed one state writ of habeas corpus, that being as to cause number 139.

Although the record is not fully developed on this point, it appears petitioner failed to timely file a notice of appeal as to the judgment in this number 140. Thus, when petitioner appealed the judgment in cause number 140 to the Seventh Court of Appeals, the court dismissed the case for want of jurisdiction. The state court records indicate that the intermediate court's action was the last action taken with respect to cause number 140. In this federal petition petitioner states he only challenges cause number W-50139-01-C.

II.
EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, the provisions of the AEDPA apply to this case. As relevant here, the AEDPA provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted). To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the

state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement. TEX. CODE CRIM. PROC. ANN. art. 44.45 (Vernon 2006). Claims may be presented to that court through an application for a writ of habeas corpus, *see* TEX. CODE CRIM. PROC. ANN. art. 11.01 et seq. (Vernon 2005), or on direct appeal by a petition for discretionary review to the Court of Criminal Appeals.

In this case, the undersigned notes that petitioner's failure to present the judgment in cause number 50,140 would bar federal habeas review of the state court's actions as to that cause number. *Skelton*, 950 F.2d at 1041. Consequently, even if petitioner was also challenging cause number 50,140, he would not be entitled to relief.

As to cause number 50,139, petitioner filed both a petition for discretionary review (PDR) and a writ of habeas corpus with the court of criminal appeals.[1] Petitioner first claims in his federal habeas

---

[1] Petitioner filed his petition for discretionary review with the intermediate court of appeals. That court, however, forwarded the petition to the Court of Criminal Appeals. The Court of Criminal Appeals refused the petition in October 2007. Petitioner's subsequent writ of habeas corpus was denied without written order in March 2008.

petition he was denied effective assistance of trial counsel because the state trial court forced him to proceed to trial pro se. This is the first time petitioner has made such an allegation. The closest petitioner came to asserting an ineffective assistance claim before the state courts was in his PDR, where he claimed he was not properly represented by his attorney because the attorney did not return letters or send petitioner trial transcripts. This is clearly a different claim than the one he now makes, which is that he never had the assistance of counsel at trial. Because the claim previously presented to the state courts must be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims, and because the petitioner brings a claim based on different factual allegations, petitioner's first claim is unexhausted. *See Picard*, 404 U.S. at 276, 92 S.Ct. at 512.[2]

Petitioner next claims that his confession was involuntary because of the threat by police that they would charge petitioner's brother with sexual assault if petitioner did not confess. Petitioner claimed on PDR his confession was coerced "under the threat of harm" and police were withholding his insulin until he signed the confession. As with his first claim, the factual allegations petitioner now makes to support his coerced confession claim are different than the factual allegations he made to the state courts. Accordingly, petitioner's second claim is unexhausted. *See id.*

In his third and fourth claims, petitioner contends his testimony was forced in violation of his right against self-incrimination and that the state court violated the Double Jeopardy Clause. Petitioner never made these claims to the state courts in any form. His third and fourth claims are, therefore, unexhausted. *See Skelton*, 950 F.2d at 1041.

### III.
### PROCEDURAL BAR

When, as in this case, a petitioner has already filed a state writ of habeas corpus, the issue

---

[2]The state court records reflect petitioner was represented by counsel at the trial.

becomes the Texas abuse of the writ doctrine, *see* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4 (Vernon 2005). This doctrine prevents petitioners from raising unexhausted allegations in future state habeas applications. *See id.* If a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred'," then the claim is procedurally defaulted.[3] *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (quoting *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Stated differently, when federal habeas claims "are 'technically' exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts ... [,] there is no substantial difference between nonexhaustion and procedural default." *Id.* (quoting *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir.1998)). Because petitioner Valdez has already presented a state habeas claim, he cannot return to state court and present another habeas petition alleging new claims for relief. *See id.*

There is, however, a "cause and prejudice" exception to the bar for failure to exhaust. "When the ground upon which the petitioner relies for habeas relief was not exhausted in state court and state procedural rules would bar subsequent presentation of the argument," this Court will not consider petitioner's unexhausted claim absent 'cause' and 'prejudice.'" *Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001) (quoting *Little v. Johnson*, 162 F.3d 855, 859 (5th Cir. 1998), *cert. denied*, 526 U.S. 1118, 119 S.Ct. 1768, 143 L.Ed.2d 798 (1999)). Federal habeas relief will not be granted on a

---

[3] The abuse of the writ rule can be an adequate and independent state ground foreclosing federal habeas review. *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995). Such a procedural rule that acts as a bar, however, must be "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 423, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991). The Fifth Circuit Court of Appeals has determined that the Texas abuse of the writ doctrine has been strictly and regularly applied since 1994. *Fuller v. Johnson*, 158 F.3d 903, 905 (5th Cir. 1998); *Emery v. Johnson,* 139 F.3d 191, 195, 201 (5th Cir. 1997), *cert. denied*, 525 U.S. 969, 119 S.Ct. 418, 142 L.Ed.2d 339 (1998).

procedurally defaulted claim *unless* the petitioner can demonstrate *both* good cause for the default *and* actual prejudice as a result of the alleged violation of federal law, *or* demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Id.* (citing *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir.), *cert. denied*, 525 U.S. 952, 119 S.Ct. 383, 142 L.Ed.2d 316 (1998) (pre-AEDPA); *Nobles,* 127 F.3d at 423 n. 33 (post-AEDPA); *Williams v. Cain,* 125 F.3d 269, 276 (5th Cir.1997), *cert. denied*, 525 U.S. 859, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998) (post-AEDPA); *cf. United States v. Flores*, 135 F.3d 1000, 1006 n. 23 (5th Cir.1998), *cert. denied*, 525 U.S. 1091, 119 S.Ct. 846, 142 L.Ed.2d 700 (1999) (post-AEDPA, section 2255)).

In this case, because petitioner failed to exhaust any of his claims, all of his claims are procedurally barred. *See* TEX. CODE CRIM. PROC. ANN. ART. 11.07 § 4. Furthermore, petitioner has not argued, much less demonstrated, just cause for his failure to raise the unexhausted claims in the state court proceedings. *See Beazley*, 242 F.3d at 264, and the undersigned has found no factors constituting just cause for petitioner's failure to raise his claims before the state's highest court. The claims, as well as the factual support for his claims, were readily apparent to petitioner when his state habeas applications were filed and petitioner could have included such claims in his state habeas action. Because petitioner has failed to show sufficient cause for his state procedural default, a "prejudice" analysis is not necessary. Accordingly, it is the opinion of the Magistrate Judge that this federal petition should be dismissed as procedurally barred and unexhausted.

. 
## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner GUADALUPE VALDEZ be DISMISSED.

# V.
# INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 31st day of October 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).